**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re: | ) Chapter 11 |
| | ) |
| **AREF AND PAULINE SENNO,** | ) Judge Timothy A. Barnes |
| | ) |
| Debtors. | ) Case No. 17-14412 |
| | ) |

**NOTICE OF MOTION**

TO:   SEE ATTACHED SERVICE LIST

On June 13, 2017 at 9:30 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Timothy A. Barnes, or any judge sitting in his stead, in the courtroom usually occupied by him in Room 744 of the of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, and shall then and there present **BCL-BF2 LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** a copy of which is attached hereto and served upon you.

                                          Respectfully submitted,

                                          BCL-BF2 LLC

                                          By:   /s/ Marc I. Fenton
                                                      One of its Attorneys

Marc I. Fenton (ARDC 6180633)
Jamie L. Burns (IL ARDC 6300120)
LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle St., Ste. 1300
Chicago, IL 60602
312-346-8380
312-346-8434 (fax)
mfenton@lplegal.com
jburns@lplegal.com

## CERTIFICATE OF SERVICE

  I, Marc I. Fenton, hereby certify that I served the foregoing Notice and attached Motion, via ECF on all parties receiving electronic notice by filing same on June 6, 2017 via the Court's CM/ECF filing system.

                           /s/ Marc I. Fenton

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re: | ) Chapter 11 |
| | ) |
| **AREF AND PAULINE SENNO,** | ) Judge Timothy A. Barnes |
| | ) |
| **Debtors.** | ) Case No. 17-14412 |
| | ) |

### BCL-BF2 LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

BCL-BF2 LLC ("BCL"), a judgment creditor of the Debtors and the holder of the mortgages on the Debtors' numerous parcels of real property, by and through its undersigned counsel, files this, its motion for relief from the automatic stay ("Motion"). In support thereof, BCL states as follows:

**I.      Executive Summary**

1.      Aref and Pauline Senno (collectively "Debtors") individually, or through trusts or single purpose entities they own and control, own real estate located at: (i) 2300 West Peterson Avenue, Chicago, IL ("2300 Peterson"); (ii) 2320 West Peterson Avenue, Chicago, IL ("2320 Peterson"); (iii) 308 West Indian Trail Road, Elgin, IL ("308 Indian Trail"); (iv) 1460 West Larkin, Elgin, IL ("1460 Larkin"); (v) 3036 West Irving Park Road, Chicago, IL ("3036 Irving Park") and (vi) 110 acres of land located in Morse, Ashland County, WI ("Wisconsin land"), collectively, 2300 Peterson, 2320 Peterson, 308 Indian Trail, 1460 Larkin, 3036 Irving Park and the Wisconsin Land shall sometimes hereinafter be referred to as the "Properties".

2.      As of the Petition Date, BCL is owed approximately $3 million. As of the date of this Motion, the Debtors have not filed their Schedules of Assets and Liabilities. However, upon review of their Voluntary Petition filed on May 8, 2017 ("Petition Date"), BCL is the largest

3

creditor of the estate, followed distantly by the Internal Revenue Service which, according to the Debtors, is owed $700,000 for unpaid payroll taxes. BCL holds the mortgages or collateral assignment of beneficial interest on all of the Properties, and has a judgment against Debtors.

3. Debtors and BCL entered into a Forbearance Agreement on December 31, 2015 ("Forbearance Agreement"). Pursuant to the Forbearance Agreement, in exchange for certain promises and payments by Debtors, BCL agreed to forbear in its rights under the loan documents, hereinafter described, until March 31, 2017 ("Forbearance Period"). A copy of the Forbearance Agreement is attached hereto and made part hereof as **Exhibit A.**

4. Upon expiration of the Forbearance Period, Debtors failed to pay the balance due BCL.

5. After the Debtors' default, BCL pursued its rights and continued its foreclosure actions which had been pending in Cook County, IL and in Kane County, IL, and obtained a confession of judgment against Debtors.

6. Debtors – who now owe BCL approximately $3 million – filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code the day before the scheduled sale of the property in the Kane County foreclosure.

**II.    Factual Background**

7. BCL is an Illinois limited liability company that acquires and originates high risk loans secured by real estate. On or about December 18, 2015, BCL purchased a series of notes, mortgages, or collateral assignment of beneficial interest from Devon Bank. The notes were issued to the Debtors and the mortgages and collateral assignments of beneficial interest had been assigned from the Debtors to single purpose entities they controlled named PAS Real Estate LLC.

8. As a result of the purchase from Devon Bank, BCL is the holder of the following notes and mortgages or collateral assignment of beneficial interests:

a. Mortgage dated August 31, 1998 and modified September 29, 2003, August 25, 2008, January 6, 2009, and January 4, 2012, given by Aref Senno and Pauline Senno, recorded September 9, 1998, September 29, 2003, August 25, 2008, January 6, 2009, and January 4, 2012, respectively, at the office of the Cook County Illinois Recorder of Deeds, identified as Mortgage Document No.'s. 98803135, 0327233329, 0823833145, 0900633174, and 1200433011, respectively in the amount of $311,000.00.

b. Promissory Note dated as of August 31, 1998 issued by Aref and Pauline Senno to Seller in the original principal amount of $311,000.00.

c. Mortgage dated May 17, 2006 and modified July 20, 2011, September 13, 2011, and January 4, 2012, given by Aref Senno and Pauline Senno, recorded June 14, 2006, July 20, 2011, September 13, 2011, and January 4, 2012, respectively, recorded at the office of the Cook County Illinois Recorder of Deeds, as Document No.'s 0616517001, 1120112008, 1125612010, and 1200433010 in the amount of $750,000.00.

d. Promissory Note dated as of May 17, 2006 issued by Borrower to Seller in the original principal amount of $750,500.00.

e. Mortgage dated December 12, 2008 and modified March 7, 2014 and April 14, 2014, given by Aref Senno and Pauline Senno, recorded December 23, 2008, March 7, 2014 and April 14, 2014, respectively, at the office of the Cook County Illinois Recorder of Deeds, as document no.'s 0835833092, 1406642003, and 1410419221, respectively in the amount of $337,500.00.

  f. Mortgage dated December 12, 2008 and modified February 19, 2014 and April 16, 2014, given by Aref Senno and Pauline Senno, recorded December 11, 2008, at the office of the Kane County Illinois Recorder of Deeds, as Document No. 2008K094038 and modified by Documents No. 2014K8230 and 2014K17879, in the amount of $337,500.00

  g. Promissory Note dated as of December 12, 2008 issued by Borrower to Seller in the original principal amount of $337,500.00

  h. Mortgage dated December 1, 2009 and modified March 9, 2010, July 8, 2010, November 16, 2010, February 23, 2011, September 13, 2011, February 14, 2013, March 29, 2013, October 11, 2013, October 15, 2013, January 3, 2014, February 19, 2014, April 14, 2014, given by PAS Real Estate LLC-2300 West Peterson, recorded January 5, 2010, March 9, 2010, July 8, 2010, November 16, 2010, February 23, 2011, September 13, 2011, February 14, 2013, March 29, 2013, October 11, 2013, October 15, 2013, January 3, 2014, February 19, 2014, April 14, 2014, respectively, at the office of the Cook County Illinois Recorder of Deeds, as Document No.'s 1000533111, 1006833152, 1018933108, 1032004141, 1105411033, 1125612009, 1304533053, 1308833009, 1328415095, 1328833020, 1400333033, 1405045044, and 1410419220, respectively in the amount of $650,000.00.

  i. Promissory Note dated as of December 1, 2009 issued by Borrower to Seller in the original principal amount of $650,000.00.

  j. Mortgage dated November 28, 2011, given by PAS Real Estate LLC-2300 West Peterson, and recorded January 4, 2012, at the office of the Cook County Illinois Recorder of Deeds, as Document No. 1200433007, in the amount of $400,000.00.

  k. Promissory Note dated as of November 28, 2011 issued by Borrower to Seller in the original principal amount of $400,000.00.

l. Mortgage dated October 14, 2009, given by Aref Senno and Pauline Senno, recorded on October 30, 2009, at the office of the Kane County Illinois Recorder of Deeds, as Document No. 2009K80708, and modified by Documents Nos. 2013K11704, 2013K23632, 2013K73665, 2013K74596, 2014K845, 2014K17880, in the amount of $497,000.00.

9. After BCL purchased the aforementioned loan documents from Devon Bank it entered into the Forbearance Agreement with Debtors.

10. In connection with the Forbearance Agreement, the Debtors also gave BCL a mortgage on the 2320 Peterson Property and the Wisconsin land.

11. Debtors failed to pay the balance due BCL upon expiration of the Forbearance Period. Thereafter, BCL began taking action to enforce its rights under the loan documents and against the Properties.

12. BCL had previously (on January 26, 2016) substituted in as Plaintiff for Devon Bank with respect to its Complaint to Foreclose the Mortgage on the 2300 Peterson property, which was filed on August 26, 2014, and which is presently pending under case number 2014 CH 13857 in the Circuit Court of Cook County, Illinois against the Debtor and others.

13. BCL had also (on January 21, 2016) substituted in as Plaintiff for Devon Bank with respect to its Complaint to Foreclose the Mortgage on the 308 Indian Trail property, which was filed on October 7, 2014 and which is presently pending under case number 14 CH 1352 in the Circuit Court of Kane County, Illinois against the Debtor and others.

14. BCL had also (on January 21, 2016) substituted in as Plaintiff for Devon Bank with respect to its Complaint to Foreclose the Mortgage on the 1460 Larkin property, which had been filed on October 7, 2014 and which is presently pending under case number 14 CH 1351 in the Circuit Court of Kane County, Illinois against the Debtor and others.

15. Judgments of Foreclosure and Sale had previously been entered in all of the aforementioned cases; thus, given the expiration of the Forbearance period, BCL scheduled judicial sales of the 2300 Peterson property, the 308 Indian Trail property, and the 1460 Larkin property.

16. BCL also filed a confession of judgment against Debtors in the Circuit Court of Cook County, Illinois (Case No. 17 L 050352) and obtained a judgment against Debtors and certain of their entities on April 12, 2017 in the amount of $2,923,584.14. A true and correct copy of the Judgment is attached as **Exhibit B**.

17. The Kane County foreclosure sales were scheduled to take place on May 11, 2017 and the Cook County foreclosure sale was scheduled to take place on May 16, 2017.

18. BCL had also issued a bank citation to BMO Harris Bank, where it believed the Debtors' bank accounts were held, in connection with the Judgment.

19. On May 8, just days prior to the Kane County sales, Debtors filed their Chapter 11 case.

20. Due to the bankruptcy filing and the triggering of the automatic stay, BCL was forced to adjourn the sales of the 2300 Peterson property, the 308 Indian Trail property, and the 1460 Larkin property. BCL also dismissed the BMO Harris bank citation.

### III.   Argument

21. BCL requests that the automatic stay be modified to allow BCL to re-notice the Sheriff's sales that had been stayed due to the filing of the Chapter 11 and to proceed with its rights with respect to the 2320 Peterson property and the Wisconsin land.

22. Section 362(d) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under

8

subsection (a) of this section, such as by terminating annulling…(1) for cause, including lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization…" 11 U.S.C. Sections 362(d)(1) and (d)(2).

23. BCL is not adequately protected, which is cause for termination of the stay pursuant to section 362(d)(1) of the Bankruptcy Code.

24. In *In re Cadwell's Corners Partnership*, the Court noted that "Section 362(d)(1) provides that relief from stay must be granted, unless the debtor can prove that the creditor seeking relief is adequately protected. Generally, adequate protection can be established upon a showing that: (1) the value of the property is stable; (2) the property is insured and well-maintained; and (3) the debtor is current with post-petition payments to the creditor." 174 B.R. 744, 761 (N.D. Ill. 1994). *See also In re Strug-Division LLC*, 380 B.R. 505, 515 (N.D. Ill. 2008) (Schmetterrer, J.) ("Pursuant to 11 U.S.C. § 362(d)(1), relief from stay 'shall' be granted 'for cause, including lack of adequate protection of an interest in property of said party in interest.' Debtors have the burden of proving adequate protection of the creditor in order to preserve the stay."); *In re Ausherman*, 34 B.R. 393, 394 ("…a debtor who does not have secured real estate adequately insured against fire and other potential loss is not entitled to continued use of the property and the protection of the automatic stay.")

25. Here, for the reasons hereinafter described, BCL is not adequately protected, and thus, the automatic stay should be lifted immediately.

26. Debtors have not paid BCL since the Forbearance Termination date at the end of March.

27. Further, and particularly troubling, Debtors have not provided BCL with proof of insurance on any of the Properties.

28. BCL is also aware that Debtors have failed to pay real estate taxes on at least one of the properties and that past due taxes were sold on several parcels.

29. Debtors' failure to provide monthly payments to BCL, provide BCL with evidence of property insurance and Debtors' failure to pay real estate taxes will result in a continuing diminution in the value of the Properties. Thus, BCL is not adequately protected and there is cause for lifting the stay.

30. Additionally, to the extent that the Properties generate income for the Debtors because there are tenants who lease office space, those rents constitute BCL's cash collateral (see section 363(a)). BCL has not consented to the Debtors' use of its cash collateral. Pursuant to section 363(c)(2)(A), "The Trustee, or Debtor in possession, may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless (A) each entity that has an interest in such cash collateral consents…".

31. BCL has not received payment from the Debtors since the Forbearance Termination date. To the extent the Debtors have been collecting rents and not turning them over to BCL then based upon the assignment of rents clause in the mortgages, the Debtors are in breach of their agreements with BCL. Debtors should provide an immediate accounting of the rents collected and how those proceeds have been disbursed. BCL should be permitted to issue a letter to all of the tenants advising that all future rent payments should be made to and in care of BCL.

**IV. Conclusion**

For all the reasons articulated herein, this Court can and should (a) terminate the automatic stay pursuant to section 362(d) of the Bankruptcy Code as to BCL; and (b) waive the provision of Federal Rule of Bankruptcy Procedure 4001(a)(3) and have the lift stay order effective immediately; and (c) for such other and further relief this Court deems just and proper.

                                        Respectfully Submitted,
                                        BCL-BF2 LLC

                              By: /s/ Marc I. Fenton
                                        One of Its Attorneys

                                      Marc I. Fenton (ARDC 6180633)
                                      Jamie L. Burns (ARDC 6300120)
                                      LEVENFELD PEARLSTEIN, LLC
                                      2 North LaSalle Street, Suite 1300
                                      Chicago, Illinois 60602
                                      (312) 346-8380
                                      mfenton@lplegal.com
                                      jburns@lplegal.com